E-FILED IN OFFICE - RJ
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**24-C-05488-S5**
**7/17/2024 9:46 AM**
TIANA P. GARNER, CLERK

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

| | |
|---|---|
| DERRELL MCCOY;<br><br>    Plaintiff,<br>vs.<br><br>OTR TRANSPORT, LLC;<br>RONALD HUNT; and INCLINE<br>CASUALTY COMPANY,<br><br>    Defendants. | CIVIL ACTION<br><br>FILE NO. 24-C-05488-S5<br><br>**JURY TRIAL DEMANDED** |

### FIRST AMENDED COMPLAINT FOR DAMAGES

COME NOW, Derrell McCoy ("Plaintiff"), by and through their counsel of record and file this Complaint for Damages, showing this Honorable Court as follows:

1.

This is an action for personal injury damages arising out of a motor vehicle collision that occurred on or about Wednesday, February 1, 2023, in Gwinnett County, Georgia.

### PARTIES, JURISDICTION, AND VENUE

2.

Plaintiff Derrell McCoy is a citizen of Rockdale County, Georgia.

3.

Plaintiff sustained personal injuries and damages as a result of a motor vehicle collision that occurred at approximately 5:38 AM on February 1, 2023, on State Route 316 Eastbound and State Route 8 Winder Highway in Gwinnett County, Georgia.

COMPLAINT FOR DAMAGES – Page 1



4.

Defendant Ronald Hunt (hereinafter "Hunt") resides at 212 Greenbriar Road, Apartment C, Greensboro, North Carolina, 27405, Guilford County, and may be served with a copy of the Summons and Complaint at this address.

5.

Defendant Hunt is subject to the jurisdiction of this Court pursuant to O.C.G.A. § 40-12-1, known as Georgia's Non-resident Motorist Act.

6.

Once served with process, Hunt is subject to the jurisdiction and venue of this Court.

7.

Hunt was sufficiently served with process in this civil action.

8.

Hunt is subject to the jurisdiction of this Court.

9.

Defendant OTR Transport LLC (hereinafter "OTR Transport") is a corporation with its principal place of business in a state other than Georgia, and is a federal motor carrier authorized to transport goods for hire in intrastate commerce by the Federal Motor Carrier Safety Administration. OTR Transport has a U.S. Department of Transportation Number 3806922.

10.

OTR Transport may be served with process pursuant to O.C.G.A. § 9-10-94 by delivering a copy of the Summons and Complaint upon its registered agent, Robin Renee Eaton, 2073 Swicegood Road, Linwood, North Carolina, 27299.

11.

OTR Transport may also be served with process by delivering a copy of the Summons and Complaint to its process agent designated to accept service of process in the State of Georgia under the Federal Motor Carrier Safety Regulations: Kenneth W. Coggins, Jr., 466 Mellview Ave SW, Atlanta, Georgia, 30310.

3.

may also be served with a copy of the Summons and Complaint through the Georgia Secretary of State pursuant to O.C.G.A. § 40-1-117 and O.C.G.A. § 40-12-1 as is a non-resident motor carrier and is a foreign corporation with its principal place of business in a state other than Georgia and is authorized to transact business in Georgia.

13.

Once served with process, OTR Transport is subject to the jurisdiction of this Court.

14.

OTR Transport was properly served with process in this civil action.

15.

OTR Transport was sufficiently served with process in this civil action.

16.

OTR Transport is subject to the jurisdiction of this Court.

4.

Defendant ("") is a foreign corporation with its principal place of business in a state other than Georgia and is authorized to transact business in the state of Georgia.

5.

At the time of the Subject Complaint, had automobile liability coverage for any damages that were caused through the negligent operation of the commercial motor vehicle that was operating at the time of the Subject Collision.

6.

The liability coverage for the collision described in this Complaint is being provided to through a policy of insurance issued by and further identified as Policy Number NINC 010409 00, which provides coverage to for any damages, including bodily injury, that were caused through the negligent operation of the commercial motor vehicle that was operating at the time of the Subject Collision.

7.

is subject to the jurisdiction of this Court, pursuant to O.C.G.A. §§ 40-1-112 and/or 40–2–140, because was the insurer providing liability coverage for the defendant motor carrier at the time of the collision described in this Complaint.

8.

may be served with the Summons and Complaint upon its registered agent: .

9.

Once served with process as described in this paragraph, is subject to the jurisdiction and venue of this Court.

10.

may also be served pursuant to O.C.G.A §§ 14-2-1510 and/or 33-4-3.

11.

was properly served with process in this civil action.

12.

was sufficiently served with process in this civil action.

13.

Venue in the above-styled civil action is proper as to in this County and Court.

## FACTS

27.

Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

28.

On or about February 1, 2023, at approximately 5:38 AM , Plaintiff was operating a 2016 International Coach Mfg. 4000 travelling eastbound on State Route 316 in Gwinnett County, Georgia.

29.

On or about February 1, 2023, at approximately 5:38 AM , Defendant Hunte was operating a 1999 Freightliner Corp. Convent F tractor-trailer, owned by OTR Transport, and was travelling eastbound on State Route 316, going to make a left turn on to State Route 8 Winder Highway, directly to the right of Plaintiff's' vehicle.

30.

On or about February 1, 2023, at approximately 5:38 AM, Defendant Hunt was operating the tractor-trailer during his course and scope of employment with OTR Transport.

31.

On or about February 1, 2023, at approximately 5:38 AM, Defendant Hunt's vehicle began to merge into Plaintiff's lane of travel, while Defendant Hunt was making a left turn.

32.

On or about February 1, 2023, at approximately 5:38 AM, Defendant Hunt saw Plaintiff's vehicle adjacent to his vehicle.

33.

On or about February 1, 2023, at approximately 5:38 AM, even though Defendant Hunt saw Plaintiff's vehicle travelling in the lane next to his vehicle, Defendant Hunt was unable to control the tractor-trailer.

34.

On or about February 1, 2023, at approximately 5:38 AM, even though Defendant Hunt saw Plaintiff' vehicle adjacent to his vehicle, though failed to maintain his lane of travel.

35.

Suddenly and without warning to Plaintiff, Defendant Lowe crossed into Plaintiff's lane of travel and slammed the tractor-trailer into the front passenger's sidee of Plaintiff's vehicle.

36.

Defendant Hunt crossed into Plaintiff's lane of travel and slammed the tractor-trailer into the front passenger's side of Plaintiff's vehicle, causing Plaintiff to suffer injuries.

38.

At all times related to the Subject Collision, Plaintiff was acting in a reasonable and prudent manner.

37.

Defendants do not blame Plaintiff for causing or contributing to the cause of the Subject Collision.

38.

Defendants are 100% at fault for causing the Subject Collision.

39.

No act or failure to act on the part of the Plaintiff caused or contributed to the cause of the Subject Collision.

40.

No act or failure to act on the part of any third party caused or contributed to the cause of the Subject Collision.

41.

No act or failure to act on the part of the Plaintiff caused or contributed to the cause of Plaintiff's' claimed injuries.

42.

No act or failure to act on the part of any third party caused or contributed to the cause of Plaintiff's' claimed injuries.

43.

Defendants agree that they should fairly compensate Plaintiff for all injuries and damages that were caused by the Subject Collision.

44.

As a result of the collision, Plaintiff suffered serious and permanent injuries and damages.

## COUNT I: DIRECT ACTION AGAINST

14.

Plaintiffs re-allege and incorporate the preceding paragraphs as if fully set forth herein.

15.

provided liability insurance for the driver and/or tractor-trailer that was involved in the subject motor vehicle collision.

16.

agreed to provide insurance coverage to in consideration for the payment of insurance premiums.

17.

was transacting business in the State of Georgia and in Gwinnett County, Georgia on the date of the Subject Incident, and at all material times hereto, and is subject to the venue of this Court pursuant to O.C.G.A. § 33-4-1.

18.

Plaintiff, as members of the public injured due to a common carrier's negligence, is a third-party beneficiary to that agreement.

19.

Pursuant to O.C.G.A. §§ 40-1-112 and/or 40–2–140, is subject to this Direct Action.

## COUNT II: NEGLIGENCE OF DEFENDANT RONALD HUNT

51.

Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

52.

At all relevant times, Defendant Hunt owed the following civil duties to Plaintiff, but violated those duties in the following ways:

    a.    Failing to maintain his lane of travel;

b. Failing to activate his turn signal;

c. Failing to keep an assured safe distance from Plaintiff's' vehicle;

d. Failing to drive at a reasonable and prudent speed under the conditions;

e. Failing to make reasonable and proper observations while driving;

f. Failing to safely operate the tractor-trailer;

g. Failing to obey traffic laws;

h. Failing to make reasonable and proper observations while driving;

i. Otherwise failing to act reasonably and prudently as a driver should under the circumstances.

53.

Defendant Hunt was also negligent *per se* in that he violated a number of laws and regulations governing his operation of the tractor-trailer, including:

a. Turning Movements; Signals Required on Turning, Changing Lanes, Slowing, or Stopping (O.C.G.A. §40-6-123);

b. Driving on Roadways Laned for Traffic (O.C.G.A. § 40-6-48);

c. Failure to Drive Vehicle at a Reasonable and Prudent Speed Under the Conditions (O.C.G.A. § 40-6-180);

d. Failing to Drive with Due Care (O.C.G.A. § 40-6-241);

e. Failing to Obey Traffic Laws (O.C.G.A. § 40-6-1); and

f. Reckless Driving (O.C.G.A. § 40-6-390).

54.

As a result of Defendant Hunt's negligence, Plaintiff haves suffered severe and permanent damages.

55.

As a direct and proximate result of the negligence and negligence *per se* of Defendant Hunt, Plaintiff has incurred and are entitled to recover special damages, including, but not limited to, past and future medical expenses and past and future lost income, and other miscellaneous expenses, in an amount that will be proved at trial. Plaintiff is also entitled to recover for general damages, including past and future pain and suffering and related damages.

### COUNT III: NEGLIGENCE OF DEFENDANT OTR TRANSPORT LLC

56.

Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

57.

At all times material hereto, Defendant Hunt was an employee of OTR Transport.

58.

At all times material hereto, Defendant Hunt was acting within the scope and course of his employment with OTR Transport.

59.

At all times material hereto, Defendant Hunt was an agent of OTR Transport.

60.

At all times material hereto, Defendant Hunt was acting within the scope and course of his agency with OTR Transport.

61.

At all times material hereto, Defendant Hunt was authorized by OTR Transport to operate the tractor-trailer that was involved in the collision described in this Complaint.

62.

OTR Transport is liable for the negligent actions and omissions of Defendant Hunt pursuant to the doctrine of *respondeat superior*.

63.

OTR Transport is the owner(s) of the tractor-trailer operated by Defendant Hunt and is therefore liable for damages caused in this case.

64.

OTR Transport was also itself negligent in the following ways:

a. Negligently hiring or contracting with Defendant Hunt to drive the tractor-trailer at issue;

b. Negligently training Defendant Hunt;

c. Negligently entrusting Defendant Hunt to drive the tractor-trailer professionally;

d. Negligently retaining Defendant Hunt to drive the tractor-trailer at issue;

e. Negligently qualifying Defendant Hunt;

f. Failing to supervise Defendant Hunt; and

g. Otherwise failing to act as a reasonably prudent company under the circumstances.

65.

As a direct and proximate result of the negligence of Defendant Hunt in the ensuing collision, Plaintiff sustained severe and permanent injuries and damages.

66.

OTR Transport is liable for all damages allowed by law for the damages and losses sustained by Plaintiff.

## COUNT IV: COMBINED AND CONCURRING NEGLIGENCE

67.

Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

68.

Each of the Defendants acted in a manner which either alone, and/or combined, committed acts of negligence described herein, directly and proximately caused the collision and Plaintiff's' injuries.

69.

As a direct and proximate result of the negligence of the Defendants, Plaintiff Derrell McCoy s'has incurred medical expenses in excess of $146,438.59.

70.

As a direct and proximate result of the negligence of the Defendants, Plaintiff Derrell McCoy sustained injuries to his neck, back, knee, ankle, shoulder and hip.

71.

As a direct and proximate result of the negligence of the Defendants, Plaintiff was physically injured, have suffered, and will continue to suffer pain, disability, loss of earning capacity, loss of enjoyment of life, anxiety, and related damages.

72.

As a direct and proximate result of the breaches of duty by Defendants, Plaintiff is entitled to recover fair and full compensation for all injuries and damages that have been suffered as a proximate result of the collision and that will be suffered in the future as a result of the

collision, including, without limitation, all special damages and compensatory damages, medical expenses, lost wages, and other necessary expenses, as well as fair and full compensation for all pain and suffering, including physical pain, mental and emotional suffering, shock of impact, disability, worry, anxiety, loss of enjoyment of life, loss of capacity to work, and other categories of damages provided for under the law.

## COUNT V: PUNITIVE DAMAGES

20.

Plaintiffs re-allege and incorporate the preceding paragraphs as if fully set forth herein.

21.

's and their driver's acts were knowing, willful, wanton, and/or demonstrated an entire want of care, which raises the presumption of a conscious indifference to consequences.

22.

The actions of and their driver as set forth herein, were done intentionally, knowingly, and willfully with a reckless and wanton disregard to the consequences and damages that would be caused to others and/or which would raise the presumption of conscious indifference to consequences of their misconduct.

23.

Accordingly, Defendants are liable to the Plaintiffs for punitive damages to punish, penalize, and deter others from similar conduct in the future.

**WHEREFORE**, Plaintiff prays that the following relief be granted:

    a.    A trial by jury;

b.  For Summons and Complaint to issue against each Defendant;

c.  For judgment against each Defendant to compensate Plaintiff for past and future injuries and damages;

d.  For judgment against each Defendant for attorneys' fees and expenses of litigation;

e.  For judgment against Defendant motor carrier and its driver for punitive damages as shown to be fair and appropriate at the trial of this case;

f.  Court costs, discretionary costs, and prejudgment interest; and

g.  For all such further and general relief which this Court deems just and proper.

Dated this 17th day of July, 2024.

                                                WLG Atlanta, LLC

                                                /s/ Kelli Byers-Hooper
                                                Kelli Byers-Hooper
                                                Georgia State Bar Number 106130
                                                Rob Loar
                                                Georgia State Bar No. 602484
                                                Adewale Odetunde
                                                Georgia State Bar Number 374418
                                                Attorneys for Plaintiff

Bank of America Plaza
600 Peachtree Street, NE, Suite 4010
Atlanta, GA 30308
Telephone:   470-881-8804
Facsimile:    470-870-6577
E-Mail:       kelli.byers-hooper@witheritelaw.com
                 rob.loar@witheritelaw.com
                 adewale.odetunde@witheritelaw.com